**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 23, 2023

Blake Rohrbacher, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Jesse L. Noa, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza – 6th Floor
1313 North Market St.
Wilmington, DE 19801

RE: *Labyrinth, Inc. & Harbor Bus. Compliance Corp. v. Stephen A. Urich, et al.*,
C.A. No. 2023-0327-MTZ

Dear Counsel:

I write to resolve plaintiff and counterclaim defendant Harbor Business Compliance Corporation's ("Harbor") Motion to Dismiss Stephen A. Urich's Counterclaims (the "Rule 41(b) Motion"),[1] and defendant and counterclaim plaintiff Stephen Urich's Cross-Motion For Default concerning the counterclaims (the "Default Motion," and together with the Rule 41(b) Motion, the "Motions").[2] The Motions erupted from the apparent uncertainty in Delaware civil procedure as to how to proceed in an expedited case when a defendant files a partial motion to

---

[1] Docket Item ("D.I.") 24 at Mot. to Dismiss.

[2] D.I. 37 at Opp'n. The Default Motion was presented in the same filing as Urich's opposition to the Rule 41(b) Motion. Stephen Urich's father, Robert Urich, is also a party to this action. Because Robert Urich is not relevant to either of the motions addressed in this letter, all references to "Urich" refer only to Stephen Urich.

dismiss, but also wishes to plead counterclaims. After winding my way through the Motions, I conclude Harbor must promptly respond to Urich's counterclaims. I write for the parties.

## I.    Background

Harbor and its co-plaintiff Labyrinth, Inc. filed their complaint, together with a motion to expedite, on March 16, 2023.[3]   On March 31, the parties stipulated that, among other things, the defendants would "answer, move, or otherwise respond to the complaint" by May 12.[4]   On April 17, the parties stipulated to an expedited scheduling order, which the Court granted with modifications on April 18.[5]   On May 12, the defendants, including Urich, filed a partial motion to dismiss seeking dismissal of all counts except Count VII as it pertains to Urich.[6]

That same day, Urich filed an answer to the complaint that answered only the allegations relating to Count VII, asserted affirmative defenses, and pled counterclaims against Harbor (the "Answer"). As to the allegations relating to the counts subject to the defendants' motion to dismiss, the Answer stated that Urich

---

[3] D.I. 1; D.I. 3.

[4] D.I. 13 ¶ 9.

[5] D.I. 14; D.I. 15.

"will provide an answer to the allegations in this paragraph subject to the disposition of the motion to dismiss currently pending before the Court."[7]

On May 24, the plaintiffs' counsel emailed the defendants' counsel, stating, "Under the case schedule, Plaintiffs' answering brief is due June 2, and June 1 is the default deadline to respond to Defendants' counterclaims.  Please let us know if you will agree to a uniform response date of June 2."[8]  The defendants' counsel responded, "We agree to the uniform June 2 response date you propose."[9]  On June 2, Harbor filed its Rule 41(b) Motion, which, as one might guess, seeks dismissal under Court of Chancery Rule 41(b)—not Rule 12.  Harbor has not answered Urich's counterclaims or filed a motion under Rule 12.  Urich brought the Default Motion in tandem with his opposition to the Rule 41(b) Motion.

## II.    The Rule 41(b) Motion

I begin with Harbor's Rule 41(b) Motion.  Court of Chancery Rule 41(b) provides: "For failure of the plaintiff to prosecute or to comply with these Rules or any order of court, a defendant may move for dismissal of an action or of any

---

[6] D.I. 19.

[7] D.I. 18 at Ans. & Countercls.

[8] D.I. 42 at Reply [hereinafter "Harbor Reply Br.], Ex. 4 at 1.

claim against the defendant."[10]  "Dismissal under Rule 41(b) is a 'harsh sanction' that is proper 'when a party knowingly misleads a court of equity in order to secure an unfair tactical advantage.'"[11]  "As a general rule, Rule 41(b) is not available at the pleading stage."[12]

Harbor seeks dismissal of Urich's counterclaims on the grounds that the Answer does not comply with Rule 8 and therefore cannot serve as a vehicle for counterclaims.  Harbor asserts a three-step argument:  first, that Urich's partial Answer does not satisfy Rule 8 such that the Answer is not a pleading for purposes of the Court of Chancery Rules; and so, because Rules 12(b) and 13(a) require that counterclaims be asserted in a responsive pleading, Urich's counterclaims do not comply with this Court's Rules; and finally, that this noncompliance warrants

---

[9] *Id.*  This extension belies the Default Motion's assertion that "Harbor never sought, and did not receive an extension of time and for that reason alone is in default."  *See* D.I. 37 at Opp'n ¶ 31.

[10] Ct. Ch. R. 41(b).

[11] *Gross v. Biogen Inc.*, 2021 WL 1399282, at \*5 (Del. Ch. Apr. 14, 2021) (quoting *Bessenyei v. Vermillion, Inc.*, 2012 WL 5830214, at \*3 (Del. Ch. Nov. 16, 2012), *aff'd*, 67 A.3d 1022 (Del. 2013)); *see also Stone & Paper Invs., LLC v. Blanch*, 2019 WL 2374005, at \*8–9 (Del. Ch. May 31, 2019) (declining to dismiss under Rule 41(b) where there was no "fraud on the court, facial problems with the verification to the complaint, or witness tampering").

[12] *Charter Commc'ns Operating, LLC v. Optymyze, LLC*, 2021 WL 1811627, at \*24 (Del. Ch. Jan. 4, 2021); *Govette v. Elec. Referral Manager, Inc.*, 2021 WL 2311956, at \*4 (Del. Ch. June 7, 2021) ("At the pleading stage, . . . dismissal [under Rule 41(b)] is particularly rare.").

dismissal under Rule 41(b).  Urich contends the Answer is valid under Rule 8 such that the rest of Harbor's logic is inapplicable and cannot lead to dismissal of his counterclaims under Rule 41(b).

*Unbound Partners Limited Partnership v. Invoy Holdings Inc.* makes clear that where a defendant files a partial motion to dismiss, a court may order a defendant to file an answer that responds only to the unchallenged counts.[13]  It follows that such a partial answer would be a satisfactory pleading under Rule 8. Harbor's narrow reading of *Unbound Partners*, by which a partial answer is proper only if ordered by a court and Urich cannot file one voluntarily, is not supported by any citation to case law.[14]  It also contravenes the best practices of expedited litigation before this Court, in which creative counsel are expected to collaborate to advance claims on their merits rather than throw flags on technicalities.  Indeed, the approach Urich took was efficient and pragmatic under the circumstances.  The fact that Urich volunteered a partial answer in this expedited case, rather than being ordered to file it, does not change the fact that its contents satisfy Rule 8. Finally, Harbor's Rule 8 argument relies on an inapposite transcript ruling in which counterclaims submitted with a sixty-page response that in no way answered the

---

[13] 251 A.3d 1016, 1030 (Del. Super. 2021).

[14] Harbor Reply Br. ¶ 17.

complaint were deemed not properly filed.[15]   I conclude Urich's Answer permissibly and adequately responds to Count VII under Rule 8 and that he was not required to respond to the balance of the allegations at the time he filed it. Harbor's Rule 41(b) Motion falls apart from there.  It is **DENIED.**

### III.    The Default Motion

Having found that the counterclaims were validly asserted, I turn to Urich's Default Motion.  Default judgments are governed by Court of Chancery Rule 55. "When a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by these Rules, and that fact is made to appear, judgment by default may be entered . . . ."[16]  Rule 55(b) "gives the Court discretion to decide whether to enter a default judgment based on the

---

[15] *Assured P'rs of Va., LLC v. Sheehan*, C.A. No. N19C-02-175-AML CCLD, D.I. 79 at 8–9, 18 (Del. Super. Ct. June 10, 2019) (TRANSCRIPT).

[16] Ct. Ch. R. 55.

particular set of facts presented."[17]    But a default judgment is an "extreme remedy."[18]

The Default Motion asserts Harbor is in default because it has not timely responded to Urich's counterclaims as required by Court of Chancery Rule 12. Rule 12(a) requires a counterclaim defendant to answer within twenty days after service.[19] That period may be excused only by court order or by service of a motion under that Rule.[20]    As stated, Urich filed his Answer, which included counterclaims against Harbor, on May 12, 2023.[21]    To date, Harbor has not filed an answer or a Rule 12 motion, but rather moved under Rule 41(b).  Urich relies on

---

[17] *New Castle Shopping, LLC v. Penn Mart Disc. Liquors, Ltd.*, 2009 WL 5197189, at *2 (Del. Ch. Oct. 27, 2009); *see also Rainbow Mountain, Inc. v. Begeman*, 2019 WL 6884757, at *2 (Del. Ch. Dec. 5, 2019) ("The Court has discretion when deciding whether to enter a Default Judgment."); *Greystone Digit. Tech., Inc. v. Alvarez*, 2007 WL 2088859, at *2 (Del. Ch. July 20, 2007) ("Rule 55(b) is permissive, not mandatory, giving the court the discretion to decide whether to enter a default judgment based on the particular set of facts before it.").

[18] *New Castle Shopping,* 2009 WL 5197189, at *2 (internal quotation marks omitted) (quoting *U.S. Surgical Corp. v. Auhll*, 1998 WL 326493, at *2 (Del. Ch. May 28, 1998)); *U.S. Surgical Corp. v. Auhll*, 1998 WL 326493, at *2 (Del. Ch. May 28, 1998) ("Default judgment is reserved only for those rare occasions where there has been a wilful or conscious disregard for the rules of the Court.").  The failure "to appear or plead for a prolonged period of time" will also justify the entry of a default judgment. *Alvarez*, 2007 WL 2088859, at *2.

[19] Ct. Ch. R. 12(a).

[20] *Id.*

[21] D.I. 18.

federal authority applying the federal analogue to Rule 41(b), which plainly states that a Rule 41 motion does not toll the time to respond under Rule 12.[22] That authority is persuasive here, given the absence of contrary Delaware authority.[23] Harbor has failed to comply with Rule 12.

But the entry of a default judgment is not appropriate here. Urich argues that Harbor "has in effect imposed a unilateral and improper stay on responding to" his counterclaims, causing him to suffer prejudice.[24] Though I found Harbor's Rule 41 Motion was not supported, it was not clearly contradicted by established Delaware precedent. And Delaware law is similarly unclear as to whether a Rule

---

[22] *Silver v. Sachs*, 2008 WL 11319710, at *3 (D.N.M. June 16, 2008) ("But Sachs still has not filed an answer. In lieu of an answer, a motion permitted by Rule 12(b) or (e) may be served within the twenty-day period after service of a complaint. A motion brought under [Rules 8 and 41] is not a motion permitted by Rule 12. It appears, therefore, that [the defendant] is in default." (citations omitted)); *Slaughter v. Glebe*, 2017 WL 713766, at *1–2 (W.D. Wash. Feb. 21, 2017) (noting that because a Rule 41 motion "was not made under Rule 12, it did not automatically toll their time to answer the amended complaint," and so a court-ordered extension of time to answer was warranted).

[23] *See Crumplar v. Superior Ct. ex rel. New Castle Cnty.*, 56 A.3d 1000, 1007 (Del. 2012) (explaining that "interpretations of the Federal Rules provide persuasive guidance" where a Delaware court rule "closely track[ed]" an analogous federal rule); *see also Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1286 (Del. 2007) ("Where, as here, the Superior Court's Rules of Civil Procedure closely track the Federal Rules of Civil Procedure, cases interpreting the federal rules are persuasive authority for our construction purposes.").

[24] D.I. 37 at Opp'n ¶ 35; D.I. 46 at Reply ¶ 11 (arguing Urich has suffered prejudice from the resulting delay).

41 motion tolls the time a litigant has to answer counterclaims. Thus, Harbor's noncompliance with Rule 12 was, at worst, a procedural misstep, which is a far cry from "willful or conscious disregard" for this Court's Rules that would support a default judgment.[25] Indeed, Urich acknowledges such a judgment against Harbor on his counterclaims would be "harsh."[26] Instead of a default judgment, Urich pleads with the Court to "award appropriate sanctions," suggesting fee-shifting and denial of the Rule 41(b) motion.[27]

Rule 55 provides for one form of relief: a default judgment. When the Court enters a default judgment, it issues a judicial decree that the defendant is liable as to the claims in the relevant pleading.[28] In other words, Rule 55(b) is not

---

[25] *Alvarez*, 2007 WL 2088859, at *2 (internal quotation marks omitted) (quoting *U.S. Surgical Corp.*, 1998 WL 326493, at *2).

[26] D.I. 46 at Reply at 4 n.2.

[27] *Id.* ¶ 12.

[28] *See Campbell v. Robinson*, 2007 WL 1765558, at *2 (Del. Super. June 19, 2007) ("Entry of default judgment establishes defendant's liability to the plaintiff for each cause of action alleged in the complaint."); *P.C. Connection, Inc. v. Synygy Ltd.*, 268 A.3d 1224, 1234 (Del. Ch. 2022); 10A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2684 (4th ed.) ("When a judgment by default is entered, it generally is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded and is given the same effect as between the parties as a judgment rendered after a trial on the merits."); *see also Whitwell v. Archmere Acad., Inc.*, 2008 WL 1735370, at *5 (Del. Super. Apr. 16, 2008) ("The jury did not address the issue of liability, because a default judgment accepts as true all the averments in the complaint, as a matter of law."); *Williams v. Spanagel*, 2000 WL 1336728, at *8 (Del. Ch. Sept. 14, 2000) ("By virtue of the default judgment entered against them, the

an avenue for lesser sanctions. Urich has admitted a default judgment is not appropriate and instead effectively seeks Rule 11 sanctions under the guise of a Rule 55(b) motion.[29] If Urich seeks such sanctions, he has filed the wrong motion.[30]

## IV. Conclusion

As I ordered on Friday, August 18, Harbor must respond to Urich's counterclaims by noon on Friday, August 25.[31] In my view, this expedited response, at this time of year, both addresses Harbor's Rule 12 failure and cures any prejudice Urich may have suffered. Urich has shown no basis to deviate from the American Rule providing that both parties bear their own litigation costs.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

---

Spanagels have already lost their opportunity to disprove liability."), *aff'd*, 787 A.2d 101 (Del. 2001).

[29] D.I. 46 at Reply at 4 n.2 ("Stephen acknowledges that a default judgment is a harsh sanction, and therefore, his [Default Motion] merely asked this Court to fashion an appropriate sanction under the circumstances.").

[30] To be abundantly clear, I do not believe Rule 11 sanctions are warranted here.

[31] D.I. 51; *see also* D.I. 50.

MTZ/ms

cc:     All Counsel of Record, via *File & ServeXpress*